STATE OF WEST VIRGINIA

PATRICK ELZA,
**Defendant Below, Petitioner**

vs)    No. 18-0704    (Randolph County 17-C-144)

CITY OF ELKINS,
**Plaintiff Below, Respondent**

**FILED**
**April 3, 2020**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Patrick Elza, by counsel, Jeremy B. Cooper, appeals the July 5, 2018 order entered by the Circuit Court of Randolph County, West Virginia, following a bench trial, which resulted in a verdict in favor of Respondent City of Elkins ("the City"). The City appears by counsel, Geraldine S. Roberts. The circuit court determined that the City's charges to property owners for fire services were reasonable fees, and petitioner must pay the City delinquent fire service fees, penalties and costs in the amount of $1,275.13. Petitioner appeals, arguing that the circuit court erred in finding the City's fire service fee was a reasonable fee, rather than an impermissible tax or an unreasonable fee, and in denying his motion for certain discovery.

After a careful review of the applicable standards of review, the parties' briefs, oral arguments, appendix record, and the pertinent legal authorities, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

## I. Factual and Procedural History

Prior to July 1, 2015, the City had been charging fire service fees to those who lived within the City's municipal limits. In 2014, the City passed Ordinance 178,[1] which had an

---

[1] Elkins, W. Va., Ordinance 178 (2014) provided, in relevant part:

> **WHEREAS**, the Common Council or the City of Elkins has determined that in order to fairly equalize and apportion the cost of providing fire protection services, it is necessary, pursuant to West Virginia Code § 8-13-13, to assess a fire fee outside the City corporate limits but within its First Due Area upon the users and beneficiaries of the fire protection service provided by the Elkins Fire Department in

1

effective date of July 1, 2015, and which established a fire protection service fee on properties within the Elkins Fire Department First Due Response Area,[2] rather than just within the City's municipal limits.[3] The circuit court found that the First Due Response Area included "the area within the municipal boundaries and an area beyond the municipal boundaries which had been designated as the Elkins Fire Department's response area by the West Virginia State Fire Commission and the State Fire Marshall." In 2015, this ordinance was amended, and the fire service fee continued.[4]

The City's decision to expand the area for imposing the fire service fee was a budgetary one. The fire service fees collected solely from within the municipal limits were not sufficient to cover the Elkins Fire Department's budget, which caused the City to take money out of its general fund to make up the fire department's budget shortfalls. The City had been providing services to those in the First Due Response Area at no cost to the businesses or individual property owners. The Elkins City Council met and reviewed the expenses that the proposed new fire service fee would cover. The City Council determined

---

order to provide revenue to fund a portion of the cost necessary to provide fire protection services to said users and beneficiaries, and provide that future adjustments be by the same percentage applied to all rates and charges imposed by this Article[.]

[2] This was also referred to as the "First Due Area" in the ordinance.

[3] The ordinance was enacted pursuant to West Virginia Code § 8-13-13(a), which provides in relevant part:

Notwithstanding any charter provisions to the contrary, *a municipality which furnishes any essential or special municipal service, including*, but not limited to, police and *fire protection*, parking facilities on the streets or otherwise, parks and recreational facilities, street cleaning, street lighting, street maintenance and improvement, sewerage and sewage disposal, and the collection and disposal of garbage, refuse, waste, ashes, trash and any other similar matter, *has plenary power and authority to provide by ordinance for the installation, continuance, maintenance or improvement of the service*, to make reasonable regulations of the service, and *to impose by ordinance upon the users of the service reasonable rates, fees and charges to be collected in the manner specified in the ordinance*.

(Emphasis added).

[4] The 2015 amendments do not impact the issue currently before the Court. *See* Elkins, W. Va., Ordinance 195 (2015).

that the reasonable expenses[5] for both the current fire services to all areas and for improvements to provide optimal fire services would total approximately $881,016. The City made the decision to cover these expenditures by imposing a fire service fee on the First Due Response Area using the same criteria used for imposition of the fee within the municipal limits—$100 flat fee per year for residential property and $0.05 per square foot for commercial space with a minimum of $100 per year.

On August 28, 2017, the City filed a complaint in the Magistrate Court of Randolph County against petitioner due to his failure to pay $363.02 in fire service fees for his commercial property that was located within the First Due Response Area. The annual amount of petitioner's fire service fee was $262.50. Petitioner, who was pro se, answered the complaint, asserting the fire service fees were illegal and should be declared void.

Petitioner also sought discovery by requesting a "multitude of documents" relating to the Elkins Fire Department from the City. The City responded, claiming that none of the documents sought were in its custody, care and control and that petitioner had previously filed FOIA requests, which provided him with the information he was seeking. Petitioner again filed a discovery motion requesting the City provide him with information relating to the Elkins Fire Department and the Elkins Volunteer Fire Department.

The City moved to remove the case to circuit court, which motion was granted by the magistrate court on November 16, 2017. Once the case was removed to circuit court, the City responded to petitioner's second discovery motion. But on February 6, 2018, petitioner served another set of discovery requests on the City, including the following request:

> 6. Itemization of all expenses incurred by the Elkins Fire Department from providing fire protective services outside City limits (First Response Area) and an itemization of all expenses incurred from providing fire protective services within the City limits for fiscal years 2015 (before fire fee was assessed) 2016 and 2017 and all reports of fire and non-fire incidents filed with the West Virginia State Fire Marshall's Office (pursuant to the West Virginia State Fire Commission Requirements for West Virginia Fire Departments, Section 6.02 National Fire Incident Reporting System).

The City provided documentation responsive to this discovery request in the form of total expenditures for the Elkins Fire Department, because the City did not keep itemized information regarding specific expenses of the Elkins Fire Department in the format sought

---

[5]Among the expenses included were workers' compensation, office supplies, training and education, pension funds and salaries for hiring new employees, new equipment, and uniforms.

by petitioner. Thereafter, on May 1, 2018, petitioner filed "Defendant's Request to Make the City of Elkins Comply With My Motion to Produce Documents," stating, in part, that he had not received the itemized information that he requested for Elkins Fire Department based on where its services took place.

The City then filed a motion for summary judgment, with affidavits, affirming that petitioner owed the delinquent fire service fees assessed against him. The City also responded to petitioner's "request to comply," stating that it had responded to the discovery requests.

The circuit court conducted a hearing on May 29, 2018, concerning the discovery issue. The circuit court determined that the City had provided the information to petitioner that it was required to provide and that "[i]t may not be worded out exactly the way or informed the way Mr. Elza requested but it is available to Mr. Elza for him to determine the information he asked for." At this hearing, the circuit court declined to rule on the City's summary judgment motion until after a bench trial.

The bench trial began on June 8, 2018. The City called several witnesses, including petitioner, Van Broughton, who was the Mayor of Elkins, Thomas Meader, who was the Fire Chief of the Elkins Fire Department, and Tracy Renee Judy, who was the City's treasurer. Mayor Broughton testified about the need for the fire service fee stemming from the City's concern that there was insufficient revenue generated by the City to cover the expenses of the fire department. Fire Chief Meader testified about the First Due Response Area, and that prior to the adoption of the fire service fee, the fire department had been responding to calls in the First Due Response Area even though the property owners had not been paying for that service. Chief Meader stated that the City's general fund was being used to make up the budgetary shortfall of the fire department. Chief Meader's testimony also included the numerous services, other than fire-fighting, that the fire department provided, including cave rescues, swift-water rescues, automobile accidents, and hazmat incidents, to name a few. Finally, Ms. Judy testified about the amount of the fire fee generally. She stated that the amount charged to all property owners, whether their property was located in the city limits or in the First Due Response Area, was exactly the same. Significantly, Ms. Judy testified that "[a] fire service fee can only be used for the fire department. It cannot be used for any other department in the general fund." Ms. Judy also testified that the amount owed by petitioner was $1,275.13, which included penalties and other fees. Petitioner did not call any witnesses, however, he testified that he owned a home located within the city limits and did not object to paying a fire service fee on that property, only on his business located in the First Due Response Area.

At the conclusion of the bench trial, the circuit court found, inter alia, that

> 12. The fees for the properties within the municipal boundaries and for the area beyond the municipal boundaries

4

which has been designated as the First Due Response Area are the same amount and are reasonable for the purpose for which [the ordinance] was enacted.

. . . .

15.     The City of Elkins cannot use its general funds and fire protection services fees to provide fire protection services to properties outside the City's municipal boundaries, unless it receives reasonable payment for such services in exchange for providing such services.

16.     As long as the City of Elkins is required to provide fire protection services in the First Due Response Area as designated by the State Fire Marshal, the City of Elkins must be paid a reasonable fee for providing such fire protection services to the users thereof.

Therefore, the circuit court granted judgment in favor of the City, ordering petitioner to pay his delinquent fire service fees. It is from that order that petitioner appeals.

## II. Standard of Review

Two different standards of review govern the Court's review of the issues raised by petitioner. First, regarding the standard of review for a bench trial, this Court has held the following:

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996). Second, regarding petitioner's assignment of error involving the circuit court's discovery order, this Court has applied the following standard:

A circuit court's ruling on discovery requests is reviewed for an abuse of discretion standard; but, where a circuit court's ruling turns on a misinterpretation of the West

5

Virginia Rules of Civil Procedure, our review is plenary. The discretion that is normally given to a trial court's procedural decisions does not apply where the trial court makes no findings or applies the wrong legal standard.

Syl. Pt. 5, *State ex rel. Med. Assurance of W. Va., Inc. v. Recht*, 213 W. Va. 457, 583 S.E.2d 80 (2003).

## III. Discussion

The first issue raised on appeal requires the Court to decide if the City's charge for fire services is an impermissible tax, an unreasonable fee, or a reasonable fee as found by the circuit court. Petitioner argues the charge for fire services is geared toward raising revenue, and, therefore, it is an impermissible tax. According to petitioner, prior to the imposition of the fire service fee in the First Due Response Area, the City was spending about $400,000 on fire protection service within the City. After the fee was imposed in the extended area, the City's budget for fire protection service doubled. Thus, petitioner argues this fact shows the funds generated by the new fire service charge were not just to defray costs, but were a source of revenue. The City, on the other hand, argues that where the primary purpose is to cover expenses that the City has incurred in providing fire services to its citizens who owned property outside the city, then it is a fee, not a tax. *See Davisson v. City of Bridgeport*, No. 13-0378, 2014 WL 184436, at *3 (W. Va. Jan. 15, 2014) (memorandum decision) (finding Bridgeport's charge for fire services in its First Due Area was a permissible fee as opposed to a tax).

In *Cooper v. City of Charleston*, 218 W. Va. 279, 624 S.E.2d 716 (2005), the Court addressed the issue of whether the City of Charleston's "user fee" to be paid by individuals working within the corporate limits of the City of Charleston was an unconstitutional tax or an unreasonable fee. *Id*. at 282-83, 624 S.E.2d at 719-20. The Court found that the "user fee" was just that—a fee—that was not unreasonable. In reaching this decision, the Court stated that "'[t]he primary purpose of a tax is to obtain revenue for the government, while the primary purpose of a fee is to cover the expense of providing a service or of regulation and supervision of certain activities.' *City of Huntington v. Bacon*, 196 W.Va. 457, 46[6], 473 S.E.2d 743, 75[2] (1996) (Citation omitted.)." *Cooper*, 218 W.Va. at 285, 624 S.E.2d at 722. Thus, the Court concluded that all the proceeds from the user fee were used to pay "a portion of the expenses of providing police protection and street repairs and maintenance services . . ." to those individuals working in Charleston. *Id*.

The evidence in the instant case clearly establishes that the City's charges for fire services it provided to its residents living either in the City's municipal limits, or in the First Due Response Area, were for expenses the City incurred as a result of providing those services. The evidence was that the City was having to cover the losses from the fire department by taking funds from its general fund to make up the fire department's budget shortfalls. The testimony from Ms. Judy, the city treasurer, was that the money obtained from the fire service fee at issue *was used solely by the fire department* and for no other purpose. Further, Ms. Judy testified that the projected expenses and improvements to the

6

Elkins City Fire Department totaled $881,016, while the collected fire service fees since those fees had expanded to the First Due Response Area totaled $827,945.93. There was also testimony from Chief Thomas Meader that the fire department was operating at a loss to provide services to the First Due Response Area.

Based upon the evidence submitted, we conclude that the circuit court did not err in finding that the fire service fee is a fee and not an impermissible tax. *See Cooper*, 218 W. Va. at 283, 624 S.E.2d at 720; *see also Davisson*, No. 13-0378, 2014 WL 184436, at *3.

In examining the reasonableness of the fire service fee charged by the City, we stated in *Cooper* that the burden of proof lies with the challenger to an ordinance—in this case, petitioner—to prove that the service fee is clearly unreasonable. *Id*. at 287, 624 S.E.2d at 724. Petitioner claims that a fee of $262.52 a year is unreasonable and that because the circuit court denied his discovery request requiring the City to provide him with a breakdown of expenses for the Elkins Fire Department in responding to properties within the city limits compared to properties outside the city limits, he has no way to prove the fee charged is unreasonable. Conversely, the City argues that the fire fees imposed upon the First Due Response Area were reasonable. The City contends the fee is sufficiently related to the service for which it is imposed and the fee is based on the same criteria in the First Due Response Area as the fee imposed within the city limits.

In *Davisson*, the City of Bridgeport adopted an amendment to its ordinance providing for a fire service fee to be imposed on "'users and beneficiaries'" who resided outside the city limits of Bridgeport, but were within the "First Due Area." No. 13-0378, 2014 WL 184436, at *1. The amount of the fee charged for those residing in Bridgeport's First Due Area was $150 per year for a single family residential unit, as compared to $100 per year charged to those residing inside Bridegeport's city limits, also in a single family residential unit. The petitioner, in *Davisson*, lived in the First Due Area, and challenged the amendment to the ordinance, in part, arguing that it was an unreasonable fee. *Id*. at *4. We disagreed, determining that the fire service fee imposed on Bridgeport's First Due Area was reasonable. *Id*. The Court adopted the circuit court's determination that the amount of the fee was reasonable "because it equitably serve[d] the purpose for which it was enacted. Significantly, all revenues generated pursuant to the ordinance will be used to defray expenses of providing fire service protection to the users of those services." *Id*.

In the instant case, the evidence showed that the Elkins Fire Department needed revenue to provide services to its users, which include those in the First Due Response Area, and to defray the expenses the City was incurring in providing fire services to its users. Moreover, the fire service fees charged by the City were the exact same amount for both the City's residents living within the municipal boundary, and those residing in the First Due Response Area.[6] As the record shows, the City imposed a $100 flat fee per year

---

[6] We note that, in *Davisson*, Bridgeport's fee for those residing in the First Due Area was more than what the city charged for residents living within the municipal limits. No. 13-0378, 2014 WL 184436, at *1. We recognized that a municipality "may charge

7

for residential property and a fee of $0.05 per square foot commercial space with a minimum of $100 per year—regardless of whether the property was located within the municipal limits or the First Due Response Area. Therefore, we agree with the circuit court's determination that the amount of the fees "[is] reasonable for the purpose for which [the ordinance] was enacted."

The only other issue is whether the circuit court erred in denying petitioner's motion to require the City of Elkins to provide information in discovery that would be necessary to determine whether the fire fee was an unreasonable fee. Petitioner wanted the City to provide him with a breakdown of what percentage of expenses was incurred by the Elkins Fire Department for fire services provided to properties located within the City's municipal limits compared with expenses incurred by the fire department in providing fire services to the First Due Response Area outside the city limits. According to petitioner "[i]f the expenditures show that the First Due [A]rea is paying dramatically more than it is receiving in services, it will bring the reasonableness of the fee into question." The City argues that the circuit court correctly denied petitioner's discovery request because it is not in possession of the information that petitioner is requesting and is under no obligation to produce information it does not have. The circuit court, after a hearing on the discovery request, determined that the City had "fully responded to the . . . [petitioner's] discovery requests."

Rule 33 of the West Virginia Rules of Civil Procedure, which governs interrogatories, provides that a party served with interrogatories is only responsible for "furnish[ing] such information as is available to the party." W. Va. R. Civ. P. 33(a) (emphasis added). Likewise, Rule 34 of the West Virginia Rules of Civil Procedure governing requests for production of documents provides that a party is only obligated to produce documents which are in its "possession, custody or control." W. Va. R. Civ. P. 34(a).

During the May 29, 2018, hearing on the discovery issue, petitioner admitted that he had received documentation of expenses incurred by the Elkins Fire Department, but that the information contained therein was "all together" and it would be more convenient to him if these expenses were "broke[n] up." The City informed the circuit court that it was not in possession of documentation breaking down its expenses incurred in providing services for property in the city limits and property in the First Due Response Area. Furthermore, even if the information was available, it was not kept in the manner asked for by petitioner. The City argued that it was under no obligation to generate a new document that provided the information to petitioner in the way that he wanted it. Additionally, petitioner wanted the expenses limited to just fire calls, "not getting a cat out of the tree, traffic, helping traffic, [or] car accidents." The City, however, argued that the expenses for

---

higher rates for users living outside the City's limits," as long as the rates are reasonable. *Id*. at *3 We also found that "[t]here is no statutory impediment to charging a higher rate for those who live outside the city limits and enjoy the benefit of fire protection services." *Id*. at *4.

the fire department "include anything that the fire department would provide as far as services, not just if your home was on fire or your building was on fire."

At the conclusion of the hearing, the circuit court found that the City had fully responded to petitioner's discovery requests. We find the circuit court did not abuse its discretion in this determination.

### IV. Conclusion

For the foregoing reasons, we affirm the circuit court's order entered July 5, 2018, finding that petitioner owes the City of Elkins $1,275.13 for unpaid fire service fees and penalties, costs and interest from the date of the circuit court's judgment.

Affirmed.

**ISSUED**: April 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison